THE STATE OF OHIO, APPELLEE, *v.* OHER, APPELLANT.

(No. 45313—Decided June 6, 1983.)

Mr. *John T. Corrigan*, prosecuting attorney, for appellee.

Mr. *Hyman Friedman*, county public defender, for appellant.

DONOFRIO, J. On February 4, 1982, the Cuyahoga County Grand Jury returned an indictment against defendant-appellant, Joseph Oher, for grand theft in violation of R.C. 2913.02. The indictment charged that on or about January 9, 1982, appellant committed a theft offense for property valued less than $150 and that appellant had been adjudged guilty of prior theft offenses.

On March 9, 1982, counsel for appellant filed a motion to dismiss the indictment, arguing that the enhancement aspect of R.C. 2913.02(B), which changes a petit theft into a grand theft, if the offender has previously been convicted of a theft offense, is unconstitutional. The court overruled the motion.

Appellant then changed his plea from not guilty to one of no contest. After asking appellant questions sufficient to satisfy Crim. R. 11, the court accepted appellant's plea. The prosecution read into the record the facts it would have proven at trial, and the court found appellant guilty of grand theft.

Appellant sets forth one assignment of error:

"Ohio Revised Code Sec. 2913.02(B) violates the United States Constitution and the Ohio Constitution in that it subjects appellant to a cruel and unusual punishment and deprives him of his liberty without due process of law."

This assignment of error essentially raises an issue on a question of law. On consideration of the assignment of error we find no merit and we affirm the judgment of the trial court for the following reasons:

The facts of this action, as provided to the trial court upon appellant's plea of no contest, essentially established that appellant removed a pair of shoes valued at $17.99 from the J.C. Penney Company at Richmond Mall, on January 9, 1982. As the appellant had three prior convictions for theft offenses, he was indicted for grand theft, as provided under R.C. 2913.02(B), pled to such charge, and was

subsequently sentenced to the Columbus Correctional Facility for a term of one to five years.

It is appellant's contention in this instant appeal that the repeat offender provision found in R.C. 2913.02(B) is violative of the United States Constitution, as well as the Ohio Constitution, in that its provisions impose cruel and unusual punishment for a theft offense which has been raised to the level of grand theft due to a prior theft conviction. Appellant predicates this claim upon the holding of *Robinson* v. *California* (1962), 370 U.S. 660, and contends that his present sentence derives from his status as a prior felon or misdemeanant, rather than from the offense committed. We respectfully disagree with the appellant's analogy.

In the case of *Robinson* v. *California*, the issue raised to the United States Supreme Court concerned the constitutional validity of a state statute, which had made it a criminal offense for an individual to "use, or be under the influence of, or be addicted to the use of narcotics * * *."[1] As defined by the trial court upon submission of this matter to the jury, that portion of the statute referring to the "use" of narcotics was based upon the act of using; whereas, the portion of the statute referring to the "addicted to the use" of narcotics was based upon a condition or status. Hence, under the terms of that criminal statute, an individual could be found in violation of the law, if it was found that either he was of the status prohibited by statute, or that he had committed the act denounced by the statute.

Ruling the California statute to be an unconstitutional infliction of cruel and unusual punishment, the court predicated its holding upon the provisions of the statute which made the status of narcotic addiction a criminal offense, for which an individual could be punished regardless of whether he had ever used or possessed any narcotics within the state of California, or whether he was guilty of any antisocial behavior there. The mere *status* of being drug addicted, *without any further criminal act,* constituted a sufficient basis for which criminal prosecution would lie.

Contrary to the holding of *Robinson,* however, R.C. 2913.02(B), as presently under construction by this reviewing court, does not punish an individual for the *status* of having been convicted of a prior theft offense. Rather, the terms of that provision expressly require the commission of a *further* criminal act, *i.e.,* a further theft offense, as a condition preceding the state's indictment of the individual under the prior theft conviction provisions of R.C. 2913.02(B). It is, therefore, the criminal act of this second theft, which subjects an individual to the possibility of increased punishment upon conviction, rather than the status of having been convicted of a theft offense.

While appellant contends that a one-to-five-year prison term for the theft of shoes valued at only $17.99 constitutes cruel and unusual punishment, we are compelled to disagree. The primary pur-

---

[1] "No person shall use, or be under the influence of, or be addicted to the use of narcotics, excepting when administered by or under the direction of a person licensed by the State to prescribe and administer narcotics. It shall be the burden of the defense to show that it comes within the exception. Any person convicted of violating any provision of this section is guilty of a misdemeanor and shall be sentenced to serve a term of not less than 90 days nor more than one year in the county jail. The court may place a person convicted hereunder on probation for a period not to exceed five years and shall in all cases in which probation is granted require as a condition thereof that such person be confined in the county jail for at least 90 days. In no event does the court have the power to absolve a person who violates this section from the obligation of spending at least 90 days in confinement in the county jail." *Id.* at 660-661.

pose of the recidivist clause found in R.C. 2913.02(B) is to deter those individuals once convicted of a theft offense from pursuing their criminal inclinations any further.

We, therefore, hold, consistent with the judgment of *Rummel* v. *Estelle* (1980), 445 U.S. 263, that the recidivist clause found in R.C. 2913.02(B), which enables the state to indict a once-convicted theft offender for grand theft upon the individual's commission of a second theft offense,[2] does not constitute cruel and unusual punishment. Furthermore, as the provisions of R.C. 2913.02(B) expressly require the commission of a second theft offense prior to application of its prior theft conviction provisions, we find that the terms of said statute do not punish an individual due to his status as a prior theft offender, but instead for the commission of a criminal act of another theft offense.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, P.J., and JACKSON, J., concur.

DONOFRIO, J., of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.

---

[2] Regardless of the value of the property taken.