THE STATE OF OHIO, APPELLEE, *v.* COLLIER, APPELLANT.

(No. 87 CA 12 — Decided
July 29, 1988.)

*Michael G. Spahr,* prosecuting attorney, for appellee.

*Randall G. Burnworth,* for appellant.

GREY, P.J.   This is an appeal from the Washington County Court of Common Pleas. Appellant, Collier, was convicted of grand theft in 1982, given a suspended sentence of one to five years, and put on five years' probation. In 1987 he was charged as a parole violator after being convicted of driving under the influence and resisting arrest. The trial court revoked his probation and sentenced him to one to five years in the Mansfield Reformatory. Collier appeals, designating one assignment of error:

"Paul D. Collier, a chronic alcoholic, was subjected to cruel and unusual punishment in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Ohio Constitution when his probation was revoked solely because of his chronic alcoholism."

Counsel for appellant has adequately argued the proposition that a person may not be punished because of his status as an alcoholic. It is well-established that addiction is a disease and not punishable as such. *Robinson* v. *California* (1962), 370 U.S. 660. See, also, Annotation (1971), 40 A.L.R. 3d 321, and the cases cited therein.

However, appellant's probation was not revoked because he was an alcoholic. It is conceded by both sides that Collier was an alcoholic in 1982 and remained an alcoholic during the four and one-half years of his probation. His probation was revoked because of his convictions in Franklin County. These convictions arose, no doubt, out of the alcoholism, but they were the result of his conduct, not of his status. Every person, regardless of his status, is responsible for his conduct.

*Hazlett* v. *Martin Chevrolet, Inc.* (1986), 25 Ohio St. 3d 279, 25 OBR 331, 496 N.E. 2d 478, though not a criminal case, deals with alcoholism as a disease and as a handicap. Hazlett was an addict who, when he sought a medical leave of absence to obtain treatment for his addiction, was fired. The Supreme Court held that this was a discriminatory firing, but went on to add a caveat, at 281, 25 OBR at 333, 496 N.E. 2d at 480:

"Some additional observations are in order to insure that our decision herein is not misconstrued. Today, we have not endorsed drug addiction or alcoholism. Where chemical dependency adversely affects job performance an employer is clearly within its rights to discharge the employee. * * *"

The rule in *Hazlett* is clear — it is not status, but performance, that justifies imposition of a sanction.

Likewise in this case, the trial court revoked Collier's probation on his performance, his stipulated criminal acts, not because of his status or disease. The court did express its feelings about defendant's unfortunate situation, but it is clear from the record that the revocation rested entirely on the conviction as a violation of probation and not on the defendant's problems with alcohol.

Assignment of error one is not well-taken and is overruled.

*Judgment affirmed.*

ABELE and STEPHENSON, JJ., concur.

STEPHENSON, J., concurring. I concur in the judgment and opinion affirming the trial court's revocation of appellant's probation and resentencing, but would add the following. Appellant asserts that, pursuant to *Robinson* v. *California* (1962), 370 U.S. 660, and its progeny, his present sentence is unconstitutionally derived from his status as an alcoholic.

In *State* v. *Oher* (1983), 9 Ohio App. 3d 348, at 349, 9 OBR 617, at 618, 460 N.E. 2d 320, at 321-322, the Eighth District Court of Appeals described the *Robinson* holding as follows:

"In the case of *Robinson* v. *California,* the issue raised to the United States Supreme Court concerned the constitutional validity of a state statute, which had made it a criminal offense for an individual to 'use, or be under the influence of, or be addicted to the use of narcotics * * *.' As defined by the trial court upon submission of this matter to the jury, that portion of the statute referring to the 'use' of narcotics was based upon the act of using; whereas, the portion of the statute referring to the 'addicted to the use' of narcotics was based upon a condition or status. Hence, under the terms of that criminal statute, an individual could be found in violation of the law, if it was found that either he was of the status prohibited by statute, or that he had committed the act denounced by the statute.

"Ruling the California statute to be an unconstitutional infliction of cruel and unusual punishment, the court predicated its holding upon the provisions of the statute which made the status of narcotic addiction a criminal offense, for which an individual could be punished regardless of whether he had ever used or possessed any narcotics within the state of California, or whether he was guilty of any antisocial behavior there. The mere *status* of being drug addicted, *without any further criminal act,* constituted a sufficient basis for which criminal prosecution would lie." (Footnote omitted; emphasis *sic.*)

Thus, "[w]hile a state may not statutorily attribute unlawfulness to the *status* of drug addiction, * * * the activities surrounding such addiction may be established to be unlawful." (Emphasis *sic.*) *Hazlett* v. *Martin Chevrolet, Inc., supra,* at 283, 25 OBR at 334, 496 N.E. 2d at 481 (Holmes, J., concurring in part and dissenting in part). In the case at bar, as was mentioned in *Oher, supra,* it is not the mere status of appellant as an alcoholic that forms the basis for which criminal prosecution lies, but rather his "further criminal acts" of driving while intoxicated and resisting arrest. Accordingly, appellant's claim of constitutional infirmity is meritless.