**The STATE of Ohio, Appellee,**

**v.**

**WHITT, Appellant.**

[Cite as *State v. Whitt* (1994), 98 Ohio App.3d 211.]

Court of Appeals of Ohio,
Logan County.

No. 8–94–4.

Decided Oct. 27, 1994.

*Gerald L. Heaton,* Logan County Prosecuting Attorney, for appellee.

*Marc S. Triplett,* for appellant.

HADLEY, Judge.

Defendant-appellant, Amanda Whitt ("appellant"), appeals from the judgment in the Logan County Court of Common Pleas, which revoked her probation for violation of its terms and conditions, and imposed her original sentence for two violations of R.C. 2925.23, illegal processing of drug documents.

On October 22, 1992, appellant was indicted in Logan County for two violations of R.C. 2925.23. Appellant moved for treatment in lieu of conviction on these charges, which request was granted by the trial court in January 1993. In May 1993, plaintiff-appellee, the state of Ohio ("appellee"), argued that appellant had violated the terms and conditions of her treatment in lieu of conviction, and that such treatment should be revoked. In July 1993, the trial court revoked such treatment, imposed the original sentence, suspended said sentence, and placed appellant on probation for three years, subject to appellant's compliance with the terms and conditions of probation as placed upon her in the trial court's judgment entry.

In December 1993, appellee moved the trial court to revoke appellant's probation because, *inter alia,* she had violated the term and condition of her probation which required that she not violate any federal, state, or local law. Appellee alleged that on November 19, 1993, appellant attempted to obtain a prescription by deceit. A probation revocation hearing was held on this matter on February 14 and 15, 1994.

On February 25, 1994, the trial court stated in the judgment entry that appellant had violated the term and condition of her probation not to violate any law by appellant's attempt to misrepresent to a nurse that a prescription was lost and she needed a replacement prescription.

The facts surrounding the November 1993 incident which prompted the probation revocation hearing were argued by the parties at the February hearings. Appellee brought forth witnesses who stated that appellant had visited a clinic on November 17, 1993, for post-surgery pain she was experiencing. A doctor wrote her a prescription for the pain. Evidence in the record indicates that the November 17 prescription was filled at Wal–Mart in Marysville on the same day. On November 19, 1993, appellant called the clinic. The nurse who spoke with appellant stated that appellant requested that the nurse phone in the prescription that the doctor had given her to Wal–Mart in Bellefontaine because she believed she had left the prescription and her appointment card at the clinic on November 17. The nurse stated that she checked around for the prescription, but did not find it, and told appellant that she would talk to the doctor about an order to refill it.

After speaking with the doctor, the nurse called Wal–Mart in Bellefontaine with the prescription. Later that day, a pharmacist from the Bellefontaine Wal–Mart phoned the nurse at the clinic back and informed her that the pharmacist had called the other pharmacies in the area and discovered that the "lost" prescription had been filled on the same day it was written, November 17, at Wal–Mart in Marysville.

Appellant alleges that when she called the nurse on November 19, she did not tell the nurse that she had lost the November 17 prescription and that she needed a replacement prescription. Appellant alleged that she called the nurse only because she had left her appointment card at the clinic on November 17 and needed to know when her next appointment was scheduled.

Upon conclusion of the testimony and evidence at the hearing, the trial court determined that appellant had violated a term and condition of her probation; therefore, it revoked appellant's probation and reimposed appellant's original sentence. It is from this judgment that appellant asserts one assignment of error:

"The trial court erred in revoking the probation of Amanda Whitt."

The sole issue presented in appellant's assignment of error is whether the trial court could revoke her probation because appellant is addicted to prescription drugs. Essentially, appellant's argument focuses on her *status* as a drug dependent person; she argues that a person cannot be punished simply for being a chronic drug user. *Robinson v. California* (1962), 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758.

However, the trial court did not revoke appellant's probation because she was a drug dependent person. Rather, as noted at the dispositional phase of the probation revocation hearing, the trial court found that appellant had violated the law by her attempt to misrepresent that her November 17 prescription had been lost, and specifically, this *behavior* of appellant violated a condition of her probation. Thus, the trial court did not revoke her probation because of her *status* as a drug dependent person but, rather, because of her *behavior* (which was illegal) to continue her status as a drug dependent person. " * * * it is not status, but performance, that justifies imposition of a sanction." *State v. Collier* (1988), 48 Ohio App.3d 99, 100, 548 N.E.2d 312, 313, relying upon *Hazlett v. Martin Chevrolet, Inc.* (1986), 25 Ohio St.3d 279, 25 OBR 331, 496 N.E.2d 478.

For the above-stated reason, appellant's sole assignment of error is overruled, and the judgment of the Logan County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.