JOURNAL ENTRY AND OPINION
Defendant-appellant, Kevin Criss, appeals the decision of the Cuyahoga County Common Pleas Court that sentenced him to four years imprisonment after being convicted of burglary. For the reasons that follow, we affirm.
A review of the record reveals that, on October 9, 1999, Lindy Dawson found appellant in her home sniffing from a plastic bag an unknown substance suspected to be paint thinner. Appellant was subsequently indicted for one count of burglary, in violation of R.C. 2911.12(A)(2), a second degree felony. He eventually pleaded guilty to an amended charge of burglary in violation of R.C. 2911.12(A)(3), which is a third degree felony.
At the sentencing hearing conducted on June 21, 2000, the court stated:
 Kevin, I will find that you are not amenable to supervision based upon your history. In addition to the fact that your criminal offenses from `91 and this case are carbon copies of one another almost.
 To sentence you to a short term or the shortest term would not adequately protect the public from you or punish you in this case.
 I will sentence you to four years in the Lorian [sic] Correctional Institution and order court costs in this case. The Court further finds that you are eligible for an intensive prison program.
Appellant thereafter filed a motion to reconsider this sentence, which the court denied. Appellant is now before this court and assigns two errors for our review.
 I.
In his first assignment of error, appellant contends that the trial court denied him due process of law when it sentenced him knowing that he suffered from mental and physical disabilities. In particular, appellant claims his four-year term of imprisonment constitutes cruel and unusual punishment in light of his addiction to inhalants and long-standing psychiatric history.
The Eighth Amendment to the Constitution of the United States prohibits the infliction of cruel and unusual punishment and is made applicable to the states by reason of the Due Process Clause of the Fourteenth Amendment. Robinson v. California (1962), 370 U.S. 660, 675 (Douglas, J., concurring). Section 9, Article I of the Ohio Constitution contains an identical prohibition. While historically limited to torture or other barbarous acts, punishments that are disproportionate to the offense so as to shock the moral sense of the community have been held to be cruel and unusual. Id.; State v. Weitbrecht (1999), 86 Ohio St.3d 368, 370
citing McDougle v. Maxwell (1964), 1 Ohio St.2d 68 and State v. Chaffin (1972), 30 Ohio St.2d 13, paragraph three of the syllabus; see, also, State v. Barnes (1999), 136 Ohio App.3d 430. Nonetheless, the imposition of a sentence that falls within terms proscribed by a valid statute does not constitute cruel and unusual punishment. McDougle,1 Ohio St.2d at 69; see, also, State v. Juliano (1970), 24 Ohio St.2d 117, 120.
The burglary offense to which appellant pleaded constitutes a third degree felony punishable by a one, two, three, four, or five year term of imprisonment. R.C. 2911.12(C) and 2929.14(A)(3). The four-year sentence imposed by the trial court falls within the term permissible by statute and, thus, does not constitute cruel and unusual punishment under McDougle.
Appellant urges this court, nonetheless, to find that the trial court imposed this sentence because of his status as an inhalant addict. This is a mischaracterization of the trial court's actions. Appellant's sentence was based on a conviction for burglary. He was not convicted nor was he sentenced for being an inhalant addict. Certainly his status as an addict had some bearing on his decision to burglarize the home of Lindy Dawson. It was not because of this status, however, that he was convicted and accordingly sentenced. See State v. Collier (1988), 48 Ohio App.3d 99,100 citing Robinson v. California (1962), 370 U.S. 660.
Moreover, appellant's reliance on Hazlett v. Martin Chevrolet, Inc. (1986), 25 Ohio St.3d 279 does not support his argument. Hazlettis an employment and not a criminal case and, as such, has no direct application to the facts of the instant case. Notwithstanding, if any analogy can be made it is that Hazlett underscores that it is performance and not status that justifies the imposition of a sanction. See Collier,48 Ohio App.3d at 100. As in this case, it is appellant's actions in burglarizing the victim's home and not his status as an inhalant addict that earned him the sentence imposed by the trial court.
Nor can we say that the sentence imposed is disproportionate so as to shock the moral sense of the community. From the record before this court, it is apparent that the trial court based its decision to impose the sentence that it did on the presentence investigation report completed prior to sentencing. The trial court stated:
 THE COURT: Then in 1997 you did the same sort of offense. You were placed on probation with supervision with the Mentally Disorder [sic] Offender's Program with the additional conditions imposed, and those conditions were that you submit to urinalysis, probation department to test for Tulio, and obtain employment. If not employed, perform 200 hours of community work service.
 You violated the probation and a violation hearing was held. An in the following month you were sentenced January 12th, of 1998. There was a probation hearing February 26th of 1998 and you were continued on probation supervision.
 Four months later you were found to have violated again, and your supervision was continued, but you had to remain in county jail until a bed became available for you at a treatment program. The order of the Court was that you complete all in and out-patient treatment, and a month after that on July 6th, a capias was issued for your arrest. Were you sent to a treatment program and you left the treatment program?
DEFENDANT: At one, yeah.
THE COURT: Why did you leave that program?
 DEFENDANT: Well, they had me on medication for, you know, anxiety and stuff. I couldn't sleep right. I had my brother pick me up and they said it was okay to be picked-up as long as I get back there at a certain time. I didn't get back here, so I just stayed. I knew I was in trouble and I just stayed away. * * * THE COURT: So, ultimately, in July of 1998 the Court found that you violated and sentenced you to ten months in prison. You were released in April of 1999. Two months later you were picked-up and convicted for possession of a [sic] intoxicants. Yes.
DEFENDANT: Yes.
 THE COURT: Then six months after this, you went into someone [sic] woman's house?
DEFENDANT: Yes.
Based on the excerpts above, it cannot be said that the trial court's decision to impose a four-year prison term is disproportionate so as to constitute cruel and unusual punishment. Given appellant's past history and lack of follow-through and/or rehabilitation with traditional alternatives to imprisonment, it was certainly within the trial court's discretion to find that a lesser sentence would have minimal deterrent effect.
Appellant's first assignment of error is not well taken and is overruled.
 II.
In his second assignment of error, appellant contends that the trial court denied him due process of law when it sentenced him to a four-year term of imprisonment without fully considering statutory sentencing criteria.
The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A).
 To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
Id.
While a court that imposes a sentence under R.C. Chapter 2929 has the discretion to determine the most effective manner in which to achieve this purpose, it must consider the factors set forth in R.C. 2929.12(B) and (C) regarding the seriousness of the offender's conduct and those in R.C. 2929.12(D) and (E) regarding the offender's likelihood of recidivism. When the victim suffers physical, psychological or economic harm, the seriousness of the offense increases. R.C. 2929.12(B). If the offender does not cause or expect to cause physical harm to persons or property or if the offender acted under strong provocation, the offender's conduct is considered less serious. R.C. 2929.12(C). In determining the offender's likelihood of recidivism, the court considers the offender's criminal history, responsiveness to previous criminal sanctions, history or drug or alcohol abuse and remorse for the offense. R.C. 2929.12(D) and (E).
Appellant claims that length of his sentence is unwarranted because the victim did not suffer serious injury nor did appellant hold a position of trust. Moreover, he claims that his longstanding psychological and psychiatric problems militate against the sentence imposed when he could be a candidate for rehabilitation through the imposition of community controlled sanctions. We disagree.
There is nothing in the record to support that the trial court did not consider the factors set forth in R.C. 2929.12 when sentencing appellant as it did. As discussed in Section I, the court went into a rather lengthy colloquy with appellant regarding his past history and lack of compliance with the terms of his previously imposed probation, now referred to as community controlled sanctions. This lack of compliance certainly runs counter to appellant's argument that he would be a good candidate for community control sanctions. Moreover, the victim also addressed the court and relayed her persistent fear of finding an intruder in her home. Thus, it cannot be said that the court failed to consider the applicable factors when sentencing appellant as it did.
Appellant's second assignment of error is not well taken and is overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ TIMOTHY E. McMONAGLE, JUDGE:
DIANE KARPINSKI, A.J. and JAMES J. SWEENEY, J., CONCUR.